IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 315-013 |
| | ) | |
| SUSAN HARDEN HERRIN | ) | |

**O R D E R**

Before the Court are the various pre-trial discovery motions filed by Defendant. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. Indeed, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, and the government states that it has furnished Defendant with the investigative reports, scientific reports (if any), and other documents which are material to the case, excepting attorney and agent work product. (Doc. no. 173, p. 1.) All known statements by Defendant, as well as any criminal record, have also been provided. (Id. at 2.)

To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

### MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no

authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). Yet because the government does not oppose the motion and early disclosure of Jencks Act material will avoid unnecessary delay and inconvenience to the Court and jury, the Court **INSTRUCTS** the government to provide Jencks Act material fourteen days prior to trial. (Doc. no. 160.)

### **MOTION TO COMPEL DISCLOSURE OF PROMISES OF IMMUNITY**

Defendant moves to compel disclosure by the government of any promises for immunity, leniency or preferential treatment made to any prosecution witness, informant or cooperating defendant, including copies of applicable indictments and plea agreements. The government has agreed to provide this material to the defense pursuant to its continuing obligation under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), (doc. no. 173, pp. 2, 5), thereby making this motion **MOOT**. (Doc. no. 161.)

SO ORDERED this 22nd day of February, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA